Filed 8/10/21  P. v. Sweany CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092420 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CF02434, 19CF05497) |
| v. | |
| AMERY MAY SWEANY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Amery May Sweany has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

I. BACKGROUND

Defendant drove recklessly through residential streets, reaching speeds over 70 miles per hour, weaving in and out of traffic, running a red light, and ultimately crashing

1

into two other cars.  The driver of one car was killed and its passenger severely injured.  Defendant had to be pulled from her burning car.  Her erratic behavior at the scene initially prevented medics from giving her aid.  A number of different controlled substances and drug paraphernalia were found in her car.  She had trace amounts of methamphetamine in her system.  While in custody, defendant refused to comply with orders, lunged at, kicked, and struck a deputy, and spat blood at another as they attempted to restrain her.

Defendant pleaded no contest to vehicular manslaughter (Pen. Code, § 192, subd. (c)(1)),[1] reckless driving with specified injury (Veh. Code, § 23103, subd. (a)), misdemeanor resisting an executive officer (§ 69, subd. (a)), and misdemeanor battery on a peace officer (§ 243, subd. (b)).  Based on these pleas, the trial court also found a separate violation of probation true.

The court sentenced defendant to the upper term of six years on the vehicular manslaughter, a consecutive eight months (one-third the midterm) on the reckless driving with injury, and concurrent terms of one year on each of the misdemeanor counts, for an aggregate term of six years eight months.  The trial court also revoked and terminated probation, and sentenced defendant to a concurrent six months.  The court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)) on the felony case and $150 on the misdemeanor case, imposed and stayed a $300 parole revocation fine (§ 1202.45), unstayed the previously imposed $150 in the probation revocation, imposed a $160 court security fee (§ 1465.8), and a $120 conviction assessment fee (Gov. Code, § 70373).  The trial court awarded defendant 880 presentence custody credits.

Defendant appealed without a certificate of probable cause.

---

[1]  Undesignated statutory references are to the Penal Code.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

## III. DISPOSITION

The judgment is affirmed.


                                          /s/
                                    RAYE, P. J.



We concur:



      /s/
MURRAY, J.



      /s/
HOCH, J.


3